IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

W. ANDREW CARNES,

                                    Plaintiff,

            v.

                                                        Civil Action Number 3:05CV477

JOHN E. POTTER
POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,

                                    Defendant.

**<u>MEMORANDUM OPINION</u>**

THIS MATTER comes before the Court on  Defendant John E. Potter by Counsel's Motion

to Dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff has

failed to timely exhaust his administrative remedies and has failed to timely file his Complaint.  For

the reasons set forth below, Defendant's Motion to Dismiss Plaintiff's Complaint is hereby

GRANTED.

I.

Plaintiff, an African-American male proceeding <u>pro se</u>, brings this action under Title VII of

the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et seq., alleging discrimination on the bases of race

and sex.  On August 2, 1999, Plaintiff was removed from his position as Plant Manager of the

Charlottesville Processing and Distribution Facility of the United States Postal Service ("USPS")

and replaced by a white male.  In May 2000, Plaintiff requested to return to his position as Plant

Manager and was denied.  In June 2000, the white male was replaced by a black female.  On August

31, 2000, Plaintiff contacted an Equal Employment Opportunity ("EEO") counselor regarding his

removal.  On September 27, 2000, Plaintiff received a certified mail notice of the right to file a

formal EEO complaint within fifteen calendar days.  Plaintiff filed a formal EEO complaint twenty days later on October 17, 2000.  On November 1, 2000, the Equal Employment Opportunity Commission ("EEOC") dismissed Plaintiff's complaint as untimely.  The EEOC notified Plaintiff of his right to file an appeal with the EEOC's appellate body, the Office of Federal Operations ("OFO") within thirty days of receipt of the November 1st, 2000 dismissal.  Plaintiff was also notified of his right to file a civil action within ninety days of receipt of the EEOC's decision.  Plaintiff filed his civil action in this Court on July 6, 2006, regarding the allegations in Agency case number 1D-231-0214-00.

Plaintiff filed a second administrative EEO Complaint in which he alleged that he was discriminated against on the bases of race, sex, age, and reprisal. See Agency Case No. 1K-231-0119-04.  Plaintiff alleged: on August 12, 2000, he was not advised whether or not his EEO complaint was processed; in November 2003, he was denied Family and Medical Leave Act consideration; on December 19, 2003, he was issued a Letter of Warning in Lieu of Suspension for Unsatisfactory Performance for Failure to Timely Report an Accident; on April 29, 2004, he was issued a Letter of Warning in Lieu of Suspension for Unsatisfactory Performance for Failure to Follow Instructions; and he was informed by letter dated July 28, 2004, that he was not entitled to travel pay after being demoted and reassigned involuntarily.

No resolution was achieved during the informal process.  The United States Postal Service's EEO Dispute Resolution Specialist certified that he mailed Mr. Carnes his Notice of Right to File an Individual Complaint on October 1, 2004.  He explained there was a fifteen (15) day time limitation for filing a formal EEO complaint, as well as the presumption that the Notice of Right to File would be received by Plaintiff within five (5) days of mailing.  The USPS received Plaintiff's

formal complaint on October 25, 2004.   Mr. Carnes offered no justification for filing an untimely

complaint.  On November 24, 2004, the EEOC dismissed Plaintiff's formal EEO Complaint because

it was not filed within fifteen (15) days after receipt of the Notice of Final Interview.  On March 30,

2005, the OFO affirmed the EEOC's dismissal.  The OFO informed Plaintiff that he had ninety (90)

days from the date of receipt of its March 30, 2005 decision to file a civil action, and that the

decision was presumed to have been received five days after mailing.  Plaintiff filed his civil action

in this Court on July 6, 2005, one day beyond the ninety (90) day deadline to file his judicial

complaint.

II.

A. Standard of Review

1. Standard of Review for Rule 12(b)(6) motion

The function of a motion to dismiss is to test the law governing claims, not the facts which

support them.  See Conley v. Gibson, 355 U.S. 41, 45–46 (1957). When considering such a motion,

the Court must presume that all factual allegations in the complaint are true.  See Puerto Rico ex.

rel. Quiros v. Alfred L. Snapp & Sons, 632 F.2d 365, 367 (4th Cir. 1980).  A motion to dismiss

under Fed. R. Civ. P. 12(b)(6) should not be granted unless it appears to a certainty that the plaintiff

would be entitled to no relief under any state of facts which could be proved in support of his claim.

See Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989) (citing Johnson v.

Mueller, 415 F.2d 354, 355 (4th Cir. 1969)).  The Complaint of a pro se litigant, must be construed

liberally.  See Haines v. Kerner, 404 U.S. 519, 520–21 (1972) (stating that allegations by pro se

plaintiffs are held to less stringent standards than formal pleadings drafted by lawyers).

2. Documents attached to Defendant's Motion

Generally, if on a Rule 12(b)(6) motion to dismiss, a court considers matters outside the pleadings, the motion shall be treated as one for summary judgment and disposed of as provided in a Rule 56 Motion. Fed. R. Civ. P. 12(b)(6).  However, in a Rule 12(b)(6) motion, a court can consider documents outside of the pleadings without converting the motion to one for summary judgment so long as the documents are integral to and explicitly relied on in the complaint.  Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999).

In the instant case, Defendant attaches various exhibits to his Motion to Dismiss, including a list of Plaintiff's EEO Complaints (Gov. Exh. 1), Information for Precomplaint Counseling (Gov. Exh. 2), Plaintiff's EEOC General Inquiry Report (Exh. 3), a copy of the Initial and Final Interview letter to Plaintiff regarding Complaint No. 1D-231-0214-00 (Gov. Exh. 4), a copy of Plaintiff's letter to the EEO Counselor regarding the pre-Complaint process for Complaint No. 1D-231-0214-00 (Gov. Exh. 5), Dismissal of Formal EEO Complaint No. 1D-231-0214-00 (Gov. Exh. 6), Information for Pre-Complaint Counseling for Complaint No. 1K-231-0119-04 (Gov. Exh.7), Final Interview Letter for Complaint No. 1K-231-0119-04 (Gov. Exh. 8), EEO Complaint of Discrimination in the Postal Service Complaint No. 1K-231-0119-04 (Gov Exh. 9), Dismissal of Formal EEO Complaint No. 1K-231-0119-04 (Gov. Exh. 10), EEOC Office of Federal Operations Decision Affirming Dismissal of Formal Complaint No. 1K-231-0119-04 (Gov. Exh. 11).  A review of these documents provides they are integral to and relied on by Plaintiff in his Complaint.  The Court can properly consider these documents in ruling on Defendant's Motion to Dismiss without having to convert the Rule 12(b)(6) motion into a motion pursuant to Rule 56.

B. Timeliness of Plaintiff's Complaint

Defendant seeks to dismiss Plaintiff's Complaint for failure to timely file it with this Court. Title VII sets time limits for the filing of Plaintiff's civil action in federal court.  A federal employee who believes he has been discriminated against may file a civil action in district court "within 90 days of receipt of notice of final action taken by a department, agency . . . or by the Equal Employment Opportunity Commission." 42 U.S.C. § 2000e-16(c).  If a complaint is not filed within that time period, it may be dismissed as untimely.  See Brown v. Gen. Servs. Admin., 425 U.S. 820, 835 (1976).

Plaintiff has failed to comply with the ninety day time limit set forth in 42 U.S.C. § 2000e-16(c) with respect to either of his underlying administrative complaints.  Regarding Agency Case No. 1D-231-0214-00, Plaintiff was notified that he had the right to file a civil action within 90 days of the EEOC's November 1st, 2000 decision.  Plaintiff filed his complaint with this Court on July 6, 2006.  The present civil action is undeniably late, since it was filed more than five years after the EEOC's decision.  Plaintiff does not dispute that his instant claim regarding his first administrative complaint, was untimely filed.  As such, the allegation in his first administrative complaint is dismissed.

Plaintiff was notified of the EEOC's final decision that he had ninety days from the date of the receipt of the March 30, 2005 decision to file any civil action regarding Agency Case No. 1K-231-0119-04.  Plaintiff was also informed that the March 30th, 2005 decision would be presumed to have been received within five days of mailing, on or before April 5, 2005.  In order to have been timely filed, Plaintiff's civil action regarding the second administrative complaint would have to be filed on or before July 5, 2005.  Plaintiff's civil action was filed one day later, on July 6, 2005.

Plaintiff argues his late filing should be excused or be deemed timely filed with respect to his second administrative complaint. Plaintiff further contends that his understanding is that if his civil action was postmarked by the deadline, it would be considered timely. Plaintiff is mistaken. As stated in Fed. R. Civ. P. 3, a civil action is commenced by filing a complaint with the Court. Fed. R. Civ. P. 5(e) further states that "[t]he filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court." There is no provision in the Federal Rules that would allow Plaintiff to use the date on which he placed his civil complaint in the mailbox to suffice for filing. Plaintiff's Complaint, which was filed in the clerk's office after the deadline is untimely even though it may have been mailed before the deadline. See Smith v. Dalton, 971 F. Supp. 1, 2–3 (D.D.C. 1997) (dismissing Title VII complaint filed one day after filing deadline); Brown v. Consolidated Freightway, 152 F.R.D. 656, 658–59 (N.D. Ga. 1993) (dismissing plaintiff's Title VII complaint pursuant to defendant's motion for summary judgment after being filed one day after filing deadline).

In rare instances, this Court has the power to toll the statute of limitations imposed by Title VII. The Supreme Court has held that courts may allow tolling in narrowly tailored circumstances, such as where "a claimant has received inadequate notice, . . . where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, . . . where the court has led the plaintiff to believe that she had done everything required of her, . . . [or] where the affirmative misconduct on the part of a defendant lulled the plaintiff into action." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984) (citations omitted). This Circuit has held that equitable tolling applies where "the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987).

Plaintiff bears the burden of pleading and proving any equitable reasons for his failure to meet the ninety day time limit. Saltz v. Lehman, 672 F.2d 207, 209 (D.C. Cir. 1982). Plaintiff does not establish any equitable basis for excusing his late filing, such as waiver, estoppel, or equitable toling, nor is there any basis for such an allegation. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Plaintiff does not allege any wrongdoing by the defendant, and proffers no reasons for his failure to meet the ninety day time limit. He simply states he was participating in a class mandated by his employer in Norman, Oklahoma on the day of the filing deadline. In the absence of any allegations meeting the standard for equitable tolling, Plaintiff's complaint must be dismissed as untimely.

III.

Having determined that Plaintiff's complaint must be dismissed as untimely, the court need not reach the additional grounds by which Defendant sought to dismiss the complaint.

Due to Plaintiff's untimely filing of his civil action, Defendant's Motion to Dismiss for failure to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) is hereby GRANTED. Plaintiff's Complaint is DISMISSED.

Plaintiff is advised that he has a right to appeal the decision of the Court. Under Federal Rules of Appellate Procedure 3 and 4, any written Notice of Appeal must be filed with the Clerk of this Court within sixty (60) days from the date of entry of this Opinion and accompanying Order. Failure to file a timely notice of appeal waives the right to an appeal. An appropriate Order shall issue.

/s / James R. Spencer<br>
CHIEF UNITED STATES DISTRICT JUDGE

ENTERED this   12th  day of April 2006